IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERON D. BROWN, | : |
|         Petitioner, | : |
| v. | :    Civ. Act. No. 17-963-LPS |
| DORENE FIELDS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|         Respondents.[1] | : |

_____

Jeron D. Brown. *Pro se* Petitioner.

Andrew J. Vella, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

_____

**MEMORANDUM OPINION**

November 16, 2020
Wilmington, Delaware

_____

[1] Petitioner was transferred to the Plummer Community Corrections Center during the pendency of this proceeding. Therefore, the Court has substituted Warden Dorene Fields for Warden Steven Wesley, who was the Warden of the institution at which Petitioner was incarcerated when he filed the Petition. *See* Fed. R. Civ. P. 25(d).

**STARK, U.S. District Judge:**

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Jeron D. Brown ("Petitioner"). (D.I. 2) The State filed an Answer in opposition. (D.I. 11) For the reasons discussed, the Court will deny the Petition.

## I.    BACKGROUND

Petitioner was arrested on August 3, 2014 and subsequently indicted by a New Castle County grand jury for third degree burglary, possession of burglar tools, two counts of theft less than $1500, second degree criminal trespass, and criminal mischief less than $1000. (D.I. 11 at 2) He was released on secured bail after his arrest. On the day of his scheduled Superior Court trial, Petitioner failed to appear and the Superior Court issued a capias for his arrest. *Id.*

On March 27, 2015, Petitioner was arrested in Pennsylvania for flight to avoid apprehension and related charges, and he was held at the Allegheny County Jail starting that same day. (D.I. 11 at 2) On September 24, 2015, in the Court of Common Pleas of Allegheny County, Pennsylvania, Petitioner was convicted of flight to avoid apprehension in violation of 18 Pa. Code. § 5126(a), defiant trespass in violation of 18 Pa. Code. § 3503(b)(1), and disorderly conduct in violation of 18 Pa. Code § 5503(a)(1). Petitioner was sentenced to time served, with credit for 182 days from March 27, 2015 to September 24, 2015, followed by six months of probation. *Id.*; D.I. 14 at 5-6.

On January 7, 2016, Petitioner's capias was returned in the Delaware Superior Court and he was held in lieu of cash bail. (D.I. 11 at 3; D.I. 14-1 at 3) On March 15, 2016, Petitioner pled guilty in the Superior Court to third degree burglary, possession of burglar tools, and theft less than $1500. On June 7, 2016, the Superior Court sentenced Petitioner as a habitual offender, effective September 24, 2015, as follows: (1) for the third degree burglary conviction, to three years at Level V incarceration, with four days credit time; (2) for the possession of burglar tools, to eighteen months at Level V incarceration, suspended for eighteen months at Level IV, suspended after six months for

Level III probation; and (3) for theft, to one year at Level V, suspended for one year of Level III probation. (D.I. 11 at 3)

On August 30, 2016, Petitioner filed a motion to modify his sentence, which the Superior Court denied on September 15, 2016. (D.I. 11 at 3; D.I. 14-3; D.I. 15-3 ) On December 30, 2016, Petitioner filed a motion for 182 days of credit to be applied to his Delaware sentence. (D.I. 15-8) The State responded on January 27, 2017, arguing that Petitioner's request for credit for the time he spent incarcerated on his Pennsylvania charges should not be applied to his Delaware charges. (D.I 15-9) The Superior Court denied Petitioner's motion for credit time on January 30, 2017, finding that Petitioner's sentence in Pennsylvania ran from March 27, 2015 until September 24, 2015 and, therefore, Petitioner was not due credit for that time against his Delaware sentence. (D.I. 11 at 3-4; D.I. 15-1 at 3) The Delaware Supreme Court affirmed the Superior Court's judgment. (D.I. 11 at 4; D.I. 15-2 at 1-4; D.I. 15-3)

## II.     GOVERNING LEGAL PRINCIPLES

### A.     The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

2

## B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas unreasonable application standard of § 2254(d)(2) applies to decisions on merits).

3

## III. DISCUSSION

In his sole ground for relief, Petitioner asserts that the State violated his rights under the Sixth and Fourteenth Amendments, as well as 11 Del. Code § 3901(c) and (b), by failing to apply 182 days of credit on his Delaware sentence for the time he spent in Pennsylvania (from March 27, 2015 through September 24, 2015) while he was held in default of bond and awaiting extradition to Delaware for trial. (D.I. 6 at 1) Petitioner contends that he was not serving a Pennsylvania sentence during the time period at issue.

Petitioner presented the same argument to the Superior Court in his motion for credit time. The Superior Court denied the motion because Petitioner's criminal records from Pennsylvania revealed that his Pennsylvania sentence "ran from March 27, 2015 until September 24, 2015," demonstrating that he was not due any credit time on his Delaware sentence. (D.I. 15-1 at 3) The Delaware Supreme Court affirmed that decision for the same reasons. *See Brown*, 2017 WL 1649786, at *1. Therefore, Petitioner will only be entitled to habeas relief if the Delaware state court decisions were either contrary to, or an unreasonable application of, clearly established federal law, or the state court's decision was an unreasonable determination of the facts. For the following reasons, the Court concludes that Petitioner's sole claim does not warrant relief.

First, to the extent Petitioner contends that the Delaware state courts violated or misapplied 11 Del. Code § 3901 in failing to credit him with time served,[2] Petitioner has asserted a state law claim that is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review);

---

[2]Sections 3901(b) and (c) provide that a defendant shall receive credit for pretrial detention served in lieu of release on bail, or otherwise, when sentenced to a term of incarceration. *See* 11 Del. Code §§ 3901(b), (c).

4

*Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Hoover v. Snyder*, 904 F. Supp. 232, 234 (D. Del. 1995) (same). To state a cognizable federal habeas claim based on an alleged state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Simply stated, Petitioner has failed to demonstrate that the failure to credit his Delaware sentence for time-served on his Pennsylvania sentence on unrelated charges denied him due process of law.

Second, contrary to Petitioner's assertion, the record reveals that his period of confinement in Pennsylvania from March 27, 2015 to September 24, 2015 was credited as part of his Pennsylvania sentence. (D.I. 15-2 at 22) Petitioner was convicted of three criminal offenses in Pennsylvania.[3] According to the Court of Common Pleas of Allegheny County's sentence order dated September 14, 2015, the confinement portion of Petitioner's sentence was for "a minimum period of 3 Month(s) and a maximum period of 6 Month(s)," but he was "sentenced to time served." (D.I. 15-2 at 22) The sentence order explicitly indicates that Petitioner had been confined in the Allegheny County Jail from March 27, 2015 to September 24, 2015, and that he was to receive credit for that time served. (D.I. 15-2 at 23) Petitioner was also sentenced to a six month period of

---

[3]Petitioner was arrested in Pennsylvania on March 27, 2015 and confined in prison awaiting trial. On September 24, 2015, after the Court of Common Pleas of Allegheny County denied his suppression motion, Petitioner proceeded to a stipulated bench trial. The Court of Common Pleas found Petitioner guilty of flight to avoid apprehension, and immediately sentenced him to time served – 182 days served from March 27, 2105 to September 24, 2015 – and six months of probation to run concurrently with confinement. (D.I. 14 at 5-6) When Petitioner was returned to Delaware in January 2016, he was held in lieu of bail. (D.I. 14-1 at 3) On March 15, 2016, Petitioner pled guilty to three charges in the Delaware Superior Court. On June 7, 2016, the Superior Court sentenced Petitioner as a habitual offender, effective September 24, 2015, to a period of incarceration with credit for four days previously served and specifically ordered that the incarceration portion of Petitioner's sentence should run consecutively to any other sentence of incarceration. (D.I. 15-2 at 26-31)

5

probation in Pennsylvania, which commenced on September 24, 2015. (D.I. 15-2 at 22) Additionally, the record shows that Petitioner's Delaware sentence started to run on September 24, 2015. (D.I. 15-2 at 26) Given these circumstances, the Delaware courts' conclusion that the contested 182 days were credited to Petitioner's Pennsylvania sentence did not amount to an unreasonable determination of the facts. Given the absence of any Supreme Court precedent establishing that Petitioner has a right to receive double recovery for time served on both his Pennsylvania and Delaware sentences, the Court further concludes that the Delaware state courts did not unreasonably apply clearly established federal law by refusing to credit Petitioner's Delaware sentence with the 182 days that had already been credited to his Pennsylvania sentence. *See generally Carey v. Musladin*, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here, it cannot be said that the state court 'unreasonably applied clearly established Federal law' [under] 2254(d)(1).").

Third, to the extent Petitioner asserts that his Pennsylvania and Delaware sentences should have run concurrently, Petitioner has failed to demonstrate that he has a constitutional right to receive concurrent sentencing, or that the Delaware state courts deprived him of some state right to concurrent sentencing. *See, e.g., Piercy v. Black*, 801 F.2d 1075, 1079 (8th Cir. 1986) (finding petitioner suffered no constitutional deprivation where two state sentences were not run concurrently because he "failed to show that either Iowa or Nebraska has created . . . a liberty interest [in concurrent sentencing], and it seems plain that they have not"); *Foster v. O'Connell*, 2002 WL 480961, at *4 (Del. Super. Ct. Mar. 13, 2002) (explaining that language of 11 Del. C. § 3901(d) "is clear and serves as a continuing declaration by the General Assembly that criminal sentencings involving imprisonment will be imposed as provided for each crime and will not be merged but will run consecutively").

6

Therefore, the Court will deny the Petition.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied in its entirety without a hearing. An appropriate Order will be entered.